**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4069**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DERRELL V. WALKER,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:15-cr-00049-MHL-1)

Submitted:  December 6, 2019               Decided:  December 18, 2019

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Nia Ayanna Vidal, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2015, Derrell V. Walker pled guilty to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2018), and aiding and abetting in those crimes, in violation of 18 U.S.C. § 2 (2018). On appeal, Walker reiterates his arguments—rejected by the district court in denying Walker's motion to withdraw his guilty plea—that Hobbs Act robbery, the offense underlying his § 924(c) convictions, does not qualify as a crime of violence. We affirm.

"We review de novo the question whether an offense qualifies as a crime of violence." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019), *petitions for cert. filed*, Nos. 19-6423 & 19-6424 (U.S. Oct. 29, 2019). Section 924(c) defines a crime of violence as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or (B) that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3).

Both the United States Supreme Court and this court have ruled that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Simms*, 914 F.3d 229, 237 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019). However, because we recently held that Hobbs Act robbery qualifies categorically as a crime of violence under the force clause of § 924(c)(3)(A), *Mathis*, 932 F.3d at 265-66, we find no error in the district court's rejection of Walker's motion to withdraw his guilty plea on this basis.

2

Accordingly, we affirm the district court's judgment. We deny as moot Walker's motion to file a pro se supplemental brief raising additional arguments and authorities related to this issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*